**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,    :
                                         :
                                         :    02 Cr. 1258(JFK)
    -against-                :   **MEMORANDUM OPINION**
                                       :      **and ORDER**
                                       :
SHAWNE FORDEN,                   :
                                       :
                 Defendant. :
- - - - - - - - - - - - - - - - -X

**JOHN F. KEENAN, United States District Judge**:

      Defendant Shawne Forden ("Forden") has petitioned under Fed. R. Crim. P. 36 for reduction of his sentence pursuant to 18 U.S.C. § 3621(e)(2)(B). The petition is denied.

## BACKGROUND

      On April 3, 2003, Forden pleaded guilty before former Judge Martin to a one-count indictment charging him with possession of a firearm after a prior felony conviction, in violation of 18 U.S.C. § 922(g). On August 28, 2003, I sentenced Forden to a term of imprisonment of 33 months, to be followed by two years' supervised release. Forden currently is serving his sentence at FCI McKean.

      Forden contends that the Court intended him to receive a sentence reduction incentive pursuant to 18 U.S.C. § 3621(e)(2)(B). (Motion ¶ 3). This statute authorizes the Bureau of Prisons ("BOP") to reduce by up to one year the period of incarceration of a prisoner who has been convicted of a non-violent offense, upon the prisoner's successful completion of a

substance abuse training program.  Forden completed a program, but he was denied the sentence reduction because his offense involved a crime of violence under BOP regulations. (Motion, Exh. A).  Forden contends that this Court intended for him to receive the sentence reduction incentive (Motion ¶ 3), and that "ambiguity or omission in the Judgment and Commitment Order" led to the denial of the reduction. (Motion ¶ 4).  He moves pursuant to Fed. R. Crim. P. 36 for correction of the Judgment and Order of Commitment and for an order requiring the BOP to afford him the sentence reduction incentive under Section 3621(e)(2)(B).

## **DISCUSSION**

Fed. R. Crim. P. 36 provides that upon appropriate notice, "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Forden makes no showing of an error in the Judgment or Order of Commitment. At no time during the sentencing hearing did the Court, or either counsel, suggest that Defendant was entitled to a Section 3621(e)(2)(B) sentence reduction.  Defense counsel merely requested that the Court sentence Forden "to a facility with a drug program."  (Tr. at 18).[1]  Counsel noted that such a program could be "valuable both for supervised release and his future."

---

[1] "Tr." refers to the transcript of Forden's Sentencing Hearing, held on August 28, 2003.

2

(Id.). Counsel concluded, "I would ask that the Court order that as part of whatever sentence is imposed." The Court responded: "I will do so." (Id.). The Court made no statement connecting participation in a drug program with a sentence reduction.

The Court's imposition of the sentence also was clear. The Court said simply: "[I]t is adjudged that the defendant be committed to the custody of the Attorney General of the United States or his authorized representative for a term of 33 months. I direct that the defendant be institutionalized in an institution where he can receive drug rehabilitation treatment or a drug program for the drug problem he suffers from." (Tr. at 21). The Court's concern clearly was Forden's addiction, not sentence reduction.

Forden's 33-month sentence fell at the bottom of the applicable Guidelines range. Before imposing this sentence, the Court rejected several requests for downward departures. (Tr. at 19-21). In so doing, the Court never hinted that it would have imposed a lower sentence had it realized that Forden was ineligible for a reduction under Section 3261(e)(2)(B). The record provides no basis for inferring that the Court, or anyone else for that matter, considered Section 3621(e)(2)(B) at all.

Even assuming arguendo that the Court intended the sentence reduction provision to apply, Rule 36 "authorizes a court to correct only clerical errors in the transcription of

judgments, not to effectuate its unexpressed intentions at the time of sentencing." United States v. Werber, 51 F.3d 342, 343 (2d Cir. 1995); see also United States v. Burd, 86 F.3d 285, 288 (2d Cir. 1996) ("[A] clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk . . . might commit, mechanical in nature."). Forden asks for a change of sentence, not a correction. The Court lacks authority under Rule 36 to grant him this relief.

Accordingly, there is no need for the Court to delve into the question of whether the BOP properly denied Forden's request for the sentence reduction under Section 3621(e)(2)(B). The Court points out that the BOP regulation at 28 C.F.R. § 550.58(a)(1)(vi)(B) provides that inmates whose offense was a felony "[t]hat involved the carrying, possession, or use of a firearm" are not eligible for early release. See Lopez v. Davis, 531 U.S. 230 (2001) (holding the regulation a permissible interpretation of Section 3621(e)(2)(B)).

In light of the foregoing, Forden's Rule 36 motion for a correction of the Judgment and Order of Commitment is denied.

**SO ORDERED.**

**Dated:** New York, New York
June 13, 2005

_John F. Keenan_
JOHN F. KEENAN
United States District Judge

4